# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR SINGLETON, SR., | ) 1:12cv00043 AWI DLB PC </br> ) </br> ) FINDINGS AND RECOMMENDATIONS </br> ) REGARDING DISMISSAL OF CERTAIN </br> ) CLAIMS </br> ) </br> ) THIRTY-DAY OBJECTION DEADLINE </br> ) </br> ) |
| Plaintiff, | |
| vs. | |
| M.D. BITER, et al., | |
| Defendants. | |

Plaintiff Lamar Singleton, Sr., ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his complaint on January 9, 2012. He names Kern Valley State Prison ("KVSP") Warden M. D. Biter and Chief Medical Officer Sherri Lopez as Defendants.

**A.      LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

B.  **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff arrived at KVSP on September 1, 2010, as a chronic care patient suffering from diabetes, hepatitis C, high blood pressure, nerve damage and a history of infections.

Plaintiff contends that the arsenic levels in the water at KVSP are above federal standards, and that since 2008, KVSP has been in violation of the maximum arsenic contamination level.  He alleges that Defendant Biter has a "history of non-compliance and delays even in the face of vigorous enforcement."  Compl. 3.  Plaintiff alleges that he has a right to access clean water and now suffers from tumors on each kidney, nervousness, nausea and stomach pain.  Plaintiff further alleges that Defendant Biter has refused to implement a system to screen chronic care patients who are at high risk from contamination of arsenic-laced water.

Plaintiff underwent an MRI and ultrasound at Truxton Radiology that revealed tumors on both kidneys.  The first biopsy was unsuccessful and he was told that the condition could be life-threatening, and to return in fourteen days.  During Plaintiff's next visit to Dr. Patel on D-Yard,

he was told that the next few tests would be critical for diagnosis. Dr. Patel told Plaintiff that he was very concerned because of lab results. Over a month later, Plaintiff underwent another biopsy on the left side that revealed a benign tumor. Dr. Patel told Plaintiff that he would be ordering at least three additional tests, in addition to a biopsy on the right side. On his next visit to Dr. Patel, he was told that Defendant Lopez cancelled all further MRIs and biopsy procedures, and that the only option Plaintiff had was the removal of both kidneys. Dr. Patel told Plaintiff that he was very sorry but that it was out of his hands.

Finally, Plaintiff contends that Defendant Lopez is aware that the water at KVSP contains high levels of arsenic. Plaintiff has been a high risk chronic care inmate in CDCR for twelve years. He appealed to KVSP for transfer/medical appeal, but Defendant Lopez denied the request.

Plaintiff alleges claims under the Eighth and Fourteenth Amendment based on (1) Defendant Biter's failure to provide clean water; (2) Defendant Biter's failure to implement a system to ensure that chronic care patients are not exposed to water with high arsenic levels; (3) Defendant Lopez's decision to cancel further MRIs and biopsies; and (4) Defendant Lopez's refusal to transfer Plaintiff.

C. **ANALYSIS**

  1. *Eighth Amendment- Medical Claim*

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must show deliberate indifference to his serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks omitted). The two-part test for deliberate indifference requires the plaintiff to show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) the

3

defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096 (quotation marks and citation omitted).

Plaintiff's complaint states a claim for deliberate indifference to a serious medical need against Defendants Biter and Lopez. Plaintiff will be instructed on service in a separate order.

2.  *Eighth Amendment- Conditions of Confinement*

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's complaint states a claim for inhumane conditions of confinement against Defendants Biter and Lopez. Plaintiff will be instructed on service in a separate order.

3.  *Due Process*

Plaintiff's due process claim is not cognizable. Plaintiff was not deprived of a protected interest entitling him to procedural process, Wilkinson v. Austin, 545 U.S. 209, 221 (2005), and any substantive due process claim is barred because the Eighth Amendment provides protection against the condition at issue, County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998). The deficiency is not curable through amendment and the claim should be dismissed. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

### D. CONCLUSION AND RECOMMENDATION

The Court finds that Plaintiff's complaint states a claim under the Eighth Amendment against Defendants Lopez and Biter. It does not, however, state a claim under the Fourteenth Amendment. This deficiency cannot be cured. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). As explained above, Plaintiff will be instructed on service in a separate order.

Accordingly, it is HEREBY RECOMMENDED that the Fourteenth Amendment claims in this action be DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 11, 2013**           /s/ Dennis L. Beck
                                       UNITED STATES MAGISTRATE JUDGE