1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

11  LARRY SINGLETON, SR.,          )  Case No.: 1:12cv00043 AWI DLB (PC)

                                           )

12                Plaintiff,      )  ORDER DENYING PLAINTIFF'S MOTION FOR

13        v.                     )  APPOINTMENT OF COUNSEL WITHOUT

                                           )  PREJUDICE

14  M.D. BITER, et al.,           )

                                         )  (Document 26)

15               Defendants.     )

                                         )

16                                           )

17  _____

18        Plaintiff Larry Singleton, Sr. ("Plaintiff") is a California state prisoner.  He is proceeding pro

19  se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The action is

20  proceeding on Plaintiff's Eighth Amendment claim against Defendants M. D. Biter and Sherri Lopez.

21        On November 1, 2013, Plaintiff filed a motion for the appointment of counsel.

22        Plaintiff does not have a constitutional right to the appointment of counsel in this action.

23  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th

24  Cir. 1981).  The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. §

25  1915(e)(1), but it will do so only if exceptional circumstances exist.  *Palmer*, 560 F.3d at 970; *Wilborn*

26  *v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  In making this determination, the Court must

27  evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro*

28  *se* in light of the complexity of the legal issues involved.  *Palmer*, 560 F.3d at 970 (citation and

quotation marks omitted); *Wilborn*, 789 F.2d at 1331.  Neither consideration is dispositive and they must be viewed together.  *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with similar cases almost daily.  Moreover, at this stage of the proceedings, there is no indication that Plaintiff is unable to articulate his claims.

Therefore, Plaintiff's request for the appointment of counsel is HEREBY DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:   **January 2, 2014**                    /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE

2