UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR SINGLETON, SR., | ) Case No.: 1:12cv00043 AWI DLB (PC) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATIONS |
| v. | ) REGARDING DEFENDANTS' MOTION TO DISMISS |
| M. D. BITER, et al., | ) (Document 30) |
| Defendants. | ) ORDER DENYING DEFENDANTS' MOTION TO STRIKE SURREPLY |
| | ) (Document 44) |

Plaintiff Lamar Singleton ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on January 9, 2012. This action is proceeding against Defendants Biter and Lopez for violation of the Eighth Amendment.

On November 21, 2013, Defendants filed an unenumerated Rule 12(b) Motion to Dismiss based on exhaustion.[1] Plaintiff opposed the motion on December 30, 2013, and Defendants filed their reply on January 6, 2014. On January 13, 2014, Plaintiff filed a "Rebuttal of Defendants' Reply."

Accordingly, the motion is deemed submitted pursuant to Local Rule 230(l).

---

[1] In Defendants' November 21, 2013, notice, filed concurrently with their Motion to Dismiss, Plaintiff was provided with notice of the requirements for opposing a motion to dismiss for failure to exhaust. Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003).

1

A. **SURREPLY**

Defendants moved to strike Plaintiff's surreply on January 29, 2014.

Parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired. Local Rule 230(l). The Court generally views motions for leave to file a surreply with disfavor. Hill v. England, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes-Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)). However, district courts have the discretion to either permit or preclude a surreply. See U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).

As discussed below, Plaintiff's surreply does not change the outcome of this motion. Therefore, the Court will address the motion and Defendants' motion is DENIED.

B. **LEGAL STANDARD**

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002). An administrative grievance must alert the prison to the nature of the wrong for which redress is sought. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which the defendants have the burden of raising and proving the absence of exhaustion. Jones, 549

U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust is subject to an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the pleadings and decide disputed issues of fact. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010); Wyatt, 315 F.3d at 1119-20. If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

## C. APPEALS PROCESS

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. During the relevant times, an inmate is not required to seek resolution at the informal level, but they must continue to secure review at all three formal levels of review, culminating in a third-level decision. Cal. Code Regs. tit. 15, § 3084.7. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney, 311 F.3d at 1199-1201.

## D. PLAINTIFF'S ALLEGATIONS

Plaintiff is currently incarcerated at Kern Valley State Prison ("KVSP") where the events at issue occurred.

Plaintiff alleges that Defendant Biter, the warden at KVSP, is responsible for providing clean water to Plaintiff. Plaintiff alleges that the arsenic levels in the water at KVSP are above federal standards and that Defendant Biter has a history of noncompliance.

Plaintiff, a chronic care patient, states that he arrived at KVSP on September 9, 2010. He alleges that Defendant Biter refused to implement a system to ensure that chronic care patients are not exposed to contaminated water.

Plaintiff further alleges that MRIs and ultrasounds have revealed tumors on both kidneys. Plaintiff's physician, Dr. Patel, told him that the next few procedures would be critical in his diagnosis. When he next visited Dr. Patel, he told Plaintiff that Defendant Lopez, Chief Medical

3

Officer at KVSP, had cancelled all further MRIs and biopsy procedures. Defendant Lopez said that the only option was removal of both kidneys.

Finally, Plaintiff alleges that Defendant Lopez was aware that the water contained high levels of arsenic, but that she nonetheless denied Plaintiff's request for a transfer.

E. **DISCUSSION**

Defendants argue that Plaintiff failed to submit any appeals to the Third Level Review between September 1, 2010, the date he arrived at KVSP, and January 9, 2012, the date he filed this action. Zamora Decl. ¶ 5. Defendants point out that Plaintiff filed one appeal, KVSP-34-11-11125, in which he describes his kidney problems and the high arsenic levels at KVSP. Voss Decl. Ex. B. Defendants argue that the appeal, dated June 13, 2011, did not address all of his claims in this action. Even if the appeal did address all of the allegations at issue, Defendants contend that Plaintiff only appealed to the Second Level of Review. Voss Decl. Ex. B; Zamora Decl. ¶ 5. Based on these facts, Defendants argue that none of the claims in Plaintiff's complaint are exhausted.

Indeed, according to Defendants' exhibits, Plaintiff did not appeal *any* grievance to the Third Level of Review. As a result, regardless of the claims in KVSP-34-11-11125, Plaintiff has not exhausted any issues in this action. Defendants have therefore met their burden as the moving party by demonstrating the absence of any evidence that complete exhaustion occurred prior to the initiation of this action. Wyatt, 315 F.3d at 1119.

The burden therefore shifts to Plaintiff to produce evidence demonstrating either exhaustion or the existence of circumstances excusing exhaustion. Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010).

In his opposition, Plaintiff does not contest Defendants' facts. Rather, he argues that he "did everything in his power" to exhaust the issues in the action. Opp. 1. Plaintiff believes that Defendants misled inmates during the grievance period by downplaying the dangers of arsenic in the water. He argues that he cannot be expected to file a grievance when he is being factually misled.

Plaintiff also argues that he faced an "unfair and uncontrollable" burden while dealing with his health issues. Opp. 2. He states that he was left "mentally and emotionally devastated," and that for weeks, the only remedies he thought about were related to his health issues. Opp. 2. Plaintiff believes

4

that his exposure to what he sees as unconstitutional conditions and health care makes this an exceptional case. He then recounts his health care from May 2, 2012, through October 22, 2013.

Plaintiff does not dispute the fact that he was able to file at least one appeal during the time frame above. His arguments, however, do not demonstrate any circumstances under which exhaustion would be excused. If fact, despite Plaintiff's claims that he was being "misled" about the arsenic levels, he was able to file a grievance *addressing the arsenic levels* in June 2011. He simply failed to fully exhaust the appeal.

Insofar as Plaintiff argues that a prisoner does not have to exhaust his administrative remedies prior to filing suit, he is incorrect. Plaintiff cites cases that preceded the enactment of the Prison Litigation Reform Act of 1996. It is well established law, as explained above, that exhaustion is now required prior to bringing an action under section 1983.

Plaintiff also submitted a surreply, which the Court will, in its discretion, address. He points to an additional grievance in which he suggested that his last three appeals had gone unanswered, and continues to cite unfair and uncontrollable burdens. Plaintiff's additional grievance, however, only undermines his position that he was unable to file for various reasons. While Plaintiff may have indicated in an appeal that prior appeals went unanswered, he provides no facts in support of his claim in either his opposition or his surreply.

The Court therefore finds that Plaintiff has failed to carry his burden and that his claims are unexhausted.

F.      **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      Defendants' Motion to Dismiss, filed November 21, be GRANTED; and

2.      This action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within

**fourteen (14) days** after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   **February 3, 2014**                /s/ *Dennis L. Beck*
                                                             UNITED STATES MAGISTRATE JUDGE