UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SINGLETON, SR., ) | Case No.: 1:12cv00043 AWI DLB (PC) |
| ) | |
| Plaintiff, ) | ORDER DENYING PLAINTIFF'S MOTION |
| v. ) | TO COMPEL WITHOUT PREJUDICE |
| ) | |
| M.D. BITER, et al., ) | (Document 42) |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Larry Singleton, Sr. ("Plaintiff") is a California state prisoner. He is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The action is proceeding on Plaintiff's Eighth Amendment claim against Defendants M. D. Biter and Sherri Lopez.

On February 4, 2014, the Court issued Findings and Recommendations to grant Defendants' motion to dismiss for failure to exhaust. The objection period has not yet passed.

The discovery deadline is February 24, 2014.

January 16, 2014, Plaintiff filed a document entitled, "Plaintiff Fourth Request for Production of Official Documents" in which he requests documents from Defendants.

On January 23, 2014, Plaintiff filed a "Motion for an Order Compelling Discovery." Plaintiff states that Defendants have failed to fully answer a request for production "submitted to the honorable court."

1

As the Court explained in the January 11, 2012, First Informational Order, discovery propounded on a party is self-executing and must be served directly on the party. Discovery requests do not need to be filed with the Court unless and until they are the subject of a motion to compel.

Although Plaintiff filed the discovery request with the Court, it is unclear whether he served Defendants directly. Therefore, the Court DENIES the motion to compel WITHOUT PREJUDICE.

If Plaintiff files a motion to compel *after* Defendants have been served with the discovery and do not respond adequately, he should keep the following standards in mind.[1]

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. *E.g.*, *Grabek v. Dickinson*, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); *Womack*, 2011 WL 6703958, at *3; *Mitchell v. Felker*, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); *Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. *Grabek*, 2012 WL 113799, at *1; *Womack*, 2011 WL 6703958, at *3; *Mitchell*, 2010 WL 3835765, at *2; *Ellis*, 2008 WL 860523, at *4.

IT IS SO ORDERED.

Dated: **February 14, 2014**          /s/ Dennis L. Beck
                                     UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to the Discovery and Scheduling Order issued on August 28, 2013, written discovery must be served at least thirty (30) days prior to the close of discovery. Responses are due thirty (30) days after the request. Motions to compel must be filed on or before the close of discovery. <u>Requests for extensions of the deadlines must be filed prior to the expiration of the date in question and must contain a showing of good cause.</u>