UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR SINGLETON, SR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. D. BITER, et al.,<br><br>　　　　Defendants. | Case No.: 1:12cv00043 AWI DLB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>(Document 49) |

　　Plaintiff Lamar Singleton ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on January 9, 2012. This action is proceeding against Defendants Biter and Lopez for violation of the Eighth Amendment.

　　On February 4, 2014, the Court issued Findings and Recommendations that Defendants' Motion to Dismiss be granted and that the action be dismissed, without prejudice, for Plaintiff's failure to exhaust administrative remedies. The objection period has not yet run and the Findings and Recommendations are pending.

　　On February 10, 2014, Plaintiff filed a document in which he requests various forms of relief. Although Plaintiff did not include a title in the caption of the document, the Court construes the motion as a request for injunctive relief.

A.     **LEGAL STANDARD**

A preliminary injunction is an extraordinary remedy never awarded as of right. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation and quotation marks omitted). For each form of relief sought in federal court, Plaintiff must establish standing. Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. Summers, 129 S.Ct. at 1149 (quotation marks and citation omitted); Mayfield, 599 F.3d at 969.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

B.     **ANALYSIS**

In his motion, Plaintiff explains that he was recently diagnosed with kidney cancer. While he feels he is being treated fairly by his physician, he contends that he has been unable to access his medical records. Plaintiff feels that this is being done to protect the interests of CDCR. He further complains of acts of harassment by a confidential informant.

Plaintiff requests (1) assistance in reviewing and copying his unedited medical and mental health records; (2) that the Court notify Mule Creek State Prison administration of the allegations in

his motion; and (3) that the Court order Mule Creek State Prison to stop the harassment by the confidential informant.

The Court does not, however, have jurisdiction to provide the relief he requests. This action, which forms the basis of the requirements for injunctive relief, concerns allegations of high levels of arsenic in the water at Kern Valley State Prison and Plaintiff's allegedly related health issues. Defendants Biter and Lopez are named based on their involvement in the events at Kern Valley State Prison.

Plaintiff requests relief, however, unrelated to the issues and parties in this action. The Court lacks personal jurisdiction over individuals who are not parties to this action and it is unable to order anyone at Mule Creek State Prison to take any action. Similarly, the Court lacks jurisdiction to remedy issues at Mule Creek State Prison that are unrelated to those in this action.

Because the issues Plaintiff seeks to remedy bear no relation, jurisdictionally, to the past events at Kern Valley State Prison that give rise to this action, the case or controversy requirement cannot be met and injunctive relief must be denied.

**B.     RECOMMENDATION**

For these reasons, the Court RECOMMENDS that Plaintiff's Motion for Injunctive Relief be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 14, 2014**           /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE