UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LARRY SINGLETON, SR., | ) | Case No.: 1:12cv00043 AWI DLB (PC) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| v. | ) | MOTION TO COMPEL |
| | ) | |
| M.D. BITER, et al., | ) | (Document 54) |
| | ) | |
| Defendants. | ) | |
| | ) | |

 Plaintiff Larry Singleton, Sr. ("Plaintiff") is a California state prisoner. He is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The action is proceeding on Plaintiff's Eighth Amendment claim against Defendants M. D. Biter and Sherri Lopez.

 Defendants' November 21, 2013, motion to dismiss based on exhaustion was recently converted into a motion for summary judgment. Defendants have informed the Court that no additional discovery is necessary. The Court is awaiting Plaintiff's position on discovery related to exhaustion.

 The discovery deadline was February 24, 2014.[1] Plaintiff filed the instant discovery motion on February 27, 2014, though it was signed on February 24, 2014. Defendants did not oppose the motion.

---

[1] If this action survives the exhaustion challenge, the Court will reschedule the action as necessary.

1

Plaintiff's motion is entitled, "Motion for Order Compelling Discovery." He requests that the Court order Defendants to Requests for Production of Documents Numbers 1-5. He states that he has not received "any documents." Mot. 1.

The Court has previously explained to Plaintiff that a motion to compel must contain certain information. Specifically, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. *E.g.*, *Grabek v. Dickinson*, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); *Womack*, 2011 WL 6703958, at *3; *Mitchell v. Felker*, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); *Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. *Grabek*, 2012 WL 113799, at *1; *Womack*, 2011 WL 6703958, at *3; *Mitchell*, 2010 WL 3835765, at *2; *Ellis*, 2008 WL 860523, at *4.

Here, although Plaintiff identifies Requests for Production Numbers 1-5, he does not provide any further information other than to state that he has not received any documents. The Court cannot determine whether Defendants' refusal to produce documents is meritorious without additional information from Plaintiff. Plaintiff does not set forth the documents at issue, Defendants' objections and/or responses and why he believes he is entitled to the documents.

Accordingly, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated:   **May 9, 2014**                        /s/ *Dennis L. Beck*
                                    UNITED STATES MAGISTRATE JUDGE