UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR SINGLETON, SR., | ) Case No.: 1:12cv00043 AWI DLB (PC) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATIONS |
| v. | ) REGARDING PLAINTIFF'S MOTIONS FOR |
| | ) INJUNCTIVE RELIEF |
| M. D. BITER, et al., | ) (Documents 62 and 65) |
| Defendants. | ) TWENTY-ONE DAY DEADLINE |

Plaintiff Lamar Singleton ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on January 9, 2012. This action is proceeding against Defendants Biter and Lopez for violation of the Eighth Amendment.

Defendants' November 21, 2013, motion to dismiss based on exhaustion was recently converted into a motion for summary judgment. Defendants have informed the Court that no additional discovery is necessary. The Court is awaiting Plaintiff's position on discovery related to exhaustion.

On May 7 and May 9, 2014, Plaintiff filed motions in which he requests emergency medical treatment. The Court construes the motions as requests for injunctive relief.

A.  **LEGAL STANDARD**

A preliminary injunction is an extraordinary remedy never awarded as of right. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation and

1

1  quotation marks omitted).  For each form of relief sought in federal court, Plaintiff must establish

2  standing.  Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009) (citation

3  omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted).

4  This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and

5  particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly

6  traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial

7  decision will prevent or redress the injury.  Summers, 129 S.Ct. at 1149 (quotation marks and citation

8  omitted); Mayfield, 599 F.3d at 969.

9        Federal courts are courts of limited jurisdiction and in considering a request for preliminary

10 injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it

11 an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge

12 Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).  If

13 the Court does not have an actual case or controversy before it, it has no power to hear the matter in

14 question.  Id.  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the

15 Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly

16 drawn, extends no further than necessary to correct the violation of the Federal right, and is the least

17 intrusive means necessary to correct the violation of the Federal right."

18 **B.**     **ANALYSIS**

19       In his motions, Plaintiff complains of medical treatment recently received at Mule Creek State

20 Prison.  He requests that the Court order various medical providers and/or correctional officers at Mule

21 Creek State Prison to take certain actions.  The Court does not, however, have jurisdiction to provide

22 the relief he requests.  This action, which forms the basis of the requirements for injunctive relief,

23 concerns allegations of high levels of arsenic in the water at Kern Valley State Prison and Plaintiff's

24 allegedly related health issues.  Defendants Biter and Lopez are named based on their involvement in

25 the events at Kern Valley State Prison.

26       Plaintiff requests relief, however, unrelated to the issues and parties in this action.  The Court

27 lacks personal jurisdiction over individuals who are not parties to this action and it is unable to order

28

anyone at Mule Creek State Prison to take any action.  Similarly, the Court lacks jurisdiction to remedy issues at Mule Creek State Prison that are unrelated to those in this action.

Because the issues Plaintiff seeks to remedy bear no relation, jurisdictionally, to the past events at Kern Valley State Prison that give rise to this action, the case or controversy requirement cannot be met and injunctive relief must be denied.

**B.      RECOMMENDATION**

For these reasons, the Court RECOMMENDS that Plaintiff's Motions for Injunctive Relief be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 19, 2014**                              /s/ Dennis L. Beck
                                                       UNITED STATES MAGISTRATE JUDGE

3