UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR SINGLETON, SR., <br><br>  Plaintiff, <br><br>  v. <br><br> M. D. BITER, et al., <br><br>  Defendants. | Case No.: 1:12cv00043 AWI DLB (PC) <br><br> FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF <br><br> (Documents 69 and 70) <br><br> TWENTY-ONE DAY DEADLINE |

Plaintiff Lamar Singleton ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on January 9, 2012. This action is proceeding against Defendants Biter and Lopez for violation of the Eighth Amendment.

Defendants' November 21, 2013, motion to dismiss based on exhaustion was recently converted into a motion for summary judgment. Defendants have informed the Court that no additional discovery is necessary. The Court is awaiting Plaintiff's position on discovery related to exhaustion.

On May 7 and May 9, 2014, Plaintiff filed motions in which he requested emergency medical treatment at Mule Creek State Prison. On May 20, 2014, the Court issued Findings and Recommendations that the motions be denied for jurisdictional reasons. Plaintiff has not yet filed objections.

1

On May 22 and May 27, 2014, Plaintiff filed two more motions for injunctive relief.[1] It appears that Plaintiff sent these motions prior to receiving the Findings and Recommendations that his other motions be denied.

## A. LEGAL STANDARD

A preliminary injunction is an extraordinary remedy never awarded as of right. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation and quotation marks omitted). For each form of relief sought in federal court, Plaintiff must establish standing. Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. Summers, 129 S.Ct. at 1149 (quotation marks and citation omitted); Mayfield, 599 F.3d at 969.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

## B. ANALYSIS

As he did in his prior motions, Plaintiff complains of medical treatment recently received at Mule Creek State Prison. He requests that the Court order various medical providers and/or

---

[1] To the extent that Plaintiff requests to add Defendants and/or claims to his complaint, he must file a motion to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

1  correctional officers at Mule Creek State Prison to schedule a biopsy, prescribe certain medications
2  and provide treatment for various conditions.  The Court does not, however, have jurisdiction to
3  provide the relief he requests.  This action, which forms the basis of the requirements for injunctive
4  relief, concerns allegations of high levels of arsenic in the water at Kern Valley State Prison and
5  Plaintiff's allegedly related health issues.  Defendants Biter and Lopez are named based on their
6  involvement in the events at Kern Valley State Prison.

7  Plaintiff requests relief, however, unrelated to the issues and parties in this action.  The Court
8  lacks personal jurisdiction over individuals who are not parties to this action and it is unable to order
9  anyone at Mule Creek State Prison to take any action.  Similarly, the Court lacks jurisdiction to
10 remedy issues at Mule Creek State Prison that are unrelated to those in this action.

11 The Court recognizes that Plaintiff's medical treatment is related in a general sense to his prior
12 allegations.  However, from a jurisdictional standpoint, the events are not related and there is no basis
13 upon which the Court may intervene.  Because the issues Plaintiff seeks to remedy bear no relation,
14 jurisdictionally, to the past events at Kern Valley State Prison that give rise to this action, the case or
15 controversy requirement cannot be met and injunctive relief must be denied.

16 To the extent Plaintiff believes he is in danger, he has other avenues of relief available to him,
17 including filing a new action in this Court related to his medical treatment at Mule Creek State Prison
18 once his administrative remedies are exhausted.  The issue is not that Plaintiff's allegations are not
19 serious, or that Plaintiff is not entitled to relief if sought in the proper forum.  The issue is that this
20 action cannot be used by Plaintiff obtain the relief he seeks.  The seriousness of Plaintiff's allegations
21 concerning his medical treatment cannot, and do not, overcome what is a jurisdictional bar.  Steel Co.,
22 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of
23 Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the
24 burden of establishing its existence.")

25 Plaintiff is HEREBY PLACED ON NOTICE that any further motions for injunctive relief that
26 are baseless and filed in contravention of the applicable legal standards Plaintiff has been provided
27 with will result in the imposition of sanctions deemed appropriate by this Court.  The Court has more
28 than once clearly explained to Plaintiff the jurisdictional bar to obtaining the relief he seeks regarding

3

his current conditions of confinement. Plaintiff's continued refusal to acknowledge the legal bases for the Court's rulings constitutes an abuse of process, and will not be overlooked. Snyder v. Internal Revenue Service, 596 F.Supp. 240, 252 (N.D. In. 1984) ("[T]he doors of this courthouse are open to good faith litigation, but abuse of the judicial process . . . will not be tolerated.")

## C.     RECOMMENDATION

For these reasons, the Court RECOMMENDS that Plaintiff's Motions for Injunctive Relief be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 29, 2014**                                    /s/ Dennis L. Beck
                                                            UNITED STATES MAGISTRATE JUDGE