# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR SINGLETON,<br><br>  Plaintiff,<br><br>  vs.<br><br>BITER, et al.,<br><br>  Defendants. | ) 1:12cv00043 AWI DLB PC<br>)<br>)<br>) ORDER GRANTING PLAINTIFF'S<br>) MOTION FOR LIMITED DISCOVERY<br>) UNDER RULE 56(D)<br>)<br>) (Document 74)<br>)<br>) |

   Plaintiff Lamar Singleton ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on January 9, 2012.  This action is proceeding against Defendants Biter and Lopez for violation of the Eighth Amendment.

   On November 21, 2013, Defendants filed a Motion to Dismiss based on Plaintiff's alleged failure to exhaust his administrative remedies.  On April 17, 2014, the Court vacated the Findings and Recommendations regarding Defendants' motion and converted the motion into a motion for summary judgment.  The Court also ordered the parties to inform the Court whether discovery related to exhaustion was necessary.

1

On April 30, 2014, Defendants confirmed that they did not need additional discovery.

On June 12, 2014, Plaintiff filed his motion pursuant to Federal Rule of Civil Procedure 56(d). Defendants did not oppose the motion and it is now deemed submitted pursuant to Local Rule 230(l).

**DISCUSSION**

A.   LEGAL STANDARD

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); *Getz v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2011); *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006).

B.   ANALYSIS

At issue in the exhaustion analysis is whether Plaintiff submitted any appeals to the Third Level of Review and/or whether he can demonstrate the existence of circumstances excusing exhaustion. In his request for discovery, Plaintiff requests discovery regarding "3rd Level Exhaustion related to complaint PVSP 13049744."[1] Mot. 1.

---

[1] The Court notes that in his opposition to Defendants' motion, Plaintiff did not dispute Defendants' contention that he had not submitted any appeal to the Third Level of Review. Instead, he argued that he did everything in his power to exhaust and faced an uncontrollable burden.

2

After reviewing Plaintiff's request, the Court GRANTS Plaintiff's motion and will permit **discovery limited to PVSP appeal 13049744**. Plaintiff may serve requests for production and/or interrogatories requesting the information specified.

Plaintiff must serve this limited discovery within twenty-one (21) days of the date of service of this order.  Defendants must respond within thirty (30) days of service.

Any supplemental opposition shall be due within thirty (30) days of receiving responses to discovery.  Defendants' reply, if any, shall be due within fourteen (14) days of service of the supplemental opposition.

IT IS SO ORDERED.

Dated:   **July 9, 2014**                              /s/ *Dennis L. Beck*
                                                                    UNITED STATES MAGISTRATE JUDGE