# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR SINGLETON, SR., | Case No.: 1:12cv00043 AWI DLB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON FAILURE TO EXHAUST |
| v. | (Document 30) |
| M. D. BITER, et al., | |
| Defendants. | THIRY-DAY OBJECTION DEADLINE |
| | ORDER DENYING DEFENDANTS' MOTION TO STRIKE SURREPLY |
| | (Document 44) |

Plaintiff Lamar Singleton ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on January 9, 2012.  This action is proceeding against Defendants Biter and Lopez for violation of the Eighth Amendment.

**A.     PROCEDURAL HISTORY**

On November 21, 2013, Defendants filed an unenumerated Rule 12(b) motion to dismiss based on exhaustion.  Plaintiff opposed the motion on December 30, 2013, and Defendants filed their reply on January 6, 2014.  On January 13, 2014, Plaintiff filed a "Rebuttal of Defendants' Reply."

On February 4, 2014, the Court issued Findings and Recommendations that Defendants' motion be granted.  However, based on the Ninth Circuit's decision in <u>Albino v. Baca</u>, 747 F.3d 1162

(9th Cir. 2014), the Court vacated the Findings and Recommendations on April 17, 2014, and converted the motion into a motion for summary judgment.[1]  The Court also instructed the parties to inform the Court as to whether any discovery related to exhaustion was necessary.

On April 30, 2014, Defendants indicated that no further discovery was necessary.

On July 10, 2014, the Court granted Plaintiff's request for limited discovery related to exhaustion under Federal Rule of Civil Procedure 56(d) and set a supplemental briefing schedule.

On September 24, 2014, Plaintiff filed his supplemental briefing.  Defendants did not file any additional briefing.

Accordingly, the motion is deemed submitted pursuant to Local Rule 230(l).

## B.      PLAINTIFF'S ALLEGATIONS

Plaintiff is currently incarcerated at Kern Valley State Prison ("KVSP") where the events at issue occurred.

Plaintiff alleges that Defendant Biter, the warden at KVSP, is responsible for providing clean water to Plaintiff.  Plaintiff alleges that the arsenic levels in the water at KVSP are above federal standards and that Defendant Biter has a history of noncompliance.

Plaintiff, a chronic care patient, states that he arrived at KVSP on September 9, 2010.  He alleges that Defendant Biter refused to implement a system to ensure that chronic care patients are not exposed to contaminated water.

Plaintiff further alleges that MRIs and ultrasounds have revealed tumors on both kidneys.  Plaintiff's physician, Dr. Patel, told him that the next few procedures would be critical in his diagnosis.  When he next visited Dr. Patel, he told Plaintiff that Defendant Lopez, Chief Medical Officer at KVSP, had cancelled all further MRIs and biopsy procedures.  Defendant Lopez said that the only option was removal of both kidneys.

Finally, Plaintiff alleges that Defendant Lopez was aware that the water contained high levels of arsenic, but that she nonetheless denied Plaintiff's request for a transfer.

---

[1] The Court provided Plaintiff with the requirements for opposing a motion for summary judgment.  Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

2

**C.    SURREPLY**

Defendants moved to strike Plaintiff's surreply on January 29, 2014.

Parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired.  Local Rule 230(l).  The Court generally views motions for leave to file a surreply with disfavor.  Hill v. England, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes-Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)).  However, district courts have the discretion to either permit or preclude a surreply.  See U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).

As discussed below, Plaintiff's surreply does not change the outcome of this motion.  Therefore, the Court will address the filing and Defendants' motion is DENIED.

**D.    LEGAL STANDARD**

The failure to exhaust is subject to a motion for summary judgment in which the court may look beyond the pleadings.  Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014).  If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice.  Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

"If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."  Albino, 747 F.3d at 1166.  However, "[i]f material facts are disputed, summary judgment should be denied, and [following such denial] the district judge rather than a jury should determine the facts."  Id.  The Albino court specified that the court should act as the finder of fact in connection with an exhaustion challenge "in a preliminary proceeding" and, "if feasible, before reaching the merits of a prisoner's claim."  Id. at 1168, 1170.

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984

(9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, <u>Comite de Jornaleros de Redondo Beach v. City of Redondo Beach</u>, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted), cert. denied, 132 S.Ct. 1566 (2012).  The Court determines only whether there is a genuine issue for trial, and Plaintiff's filings must be liberally construed because he is a pro se prisoner.  <u>Thomas v. Ponder</u>, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

### E. APPEALS PROCESS

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare.  Cal. Code Regs. tit. 15, § 3084.1.  During the relevant times, an inmate is not required to seek resolution at the informal level, but they must continue to secure review at all three formal levels of review, culminating in a third-level decision.  Cal. Code Regs. tit. 15, § 3084.7.  In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  <u>Woodford v. Ngo</u>, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); <u>McKinney</u>, 311 F.3d at 1199-1201.

### F. DISCUSSION

Defendants argue that Plaintiff failed to submit any appeals to the Third Level of Review between September 1, 2010, the date he arrived at KVSP, and January 9, 2012, the date he filed this action.  Zamora Decl. ¶ 5.  Defendants point out that Plaintiff filed one appeal, KVSP-34-11-11125, in which he describes his kidney problems and the high arsenic levels at KVSP.  Voss Decl. Ex. B.  Defendants argue that the appeal, dated June 13, 2011, did not address all of his claims in this action.  Even if the appeal did address all of the allegations at issue, Defendants contend that Plaintiff only appealed to the Second Level of Review.  Voss Decl. Ex. B; Zamora Decl. ¶ 5.  Based on these facts, Defendants argue that none of the claims in Plaintiff's complaint are exhausted.

Indeed, according to Defendants' exhibits, Plaintiff did not appeal *any* grievance to the Third Level of Review.  Plaintiff does not contest Defendants' facts.

1   It is therefore undisputed that Plaintiff did not file any grievance to the Third Level of Review. Defendants have met their burden as the moving party by demonstrating the absence of any evidence that complete exhaustion occurred prior to the initiation of this action. Wyatt, 315 F.3d at 1119.

The burden now shifts to Plaintiff to produce evidence demonstrating either exhaustion or the existence of circumstances excusing exhaustion. Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010).

In his opposition and supplemental briefing, Plaintiff contends that he faced "unfair and uncontrollable burdens" during the exhaustion process because he was extremely sick. ECF No. 32, at 2; ECF No. 82, at 1. He argues that his physical condition, as well as the mental and emotional complications associated with his sickness, contributed to his inability to properly exhaust his claims.

Plaintiff sets out his medical treatment from May 2, 2012, through October 22, 2013, in his opposition. Since the filing of this action, Plaintiff has been diagnosed with kidney cancer, and he explains why he believes that this diagnosis excuses him from exhaustion in his supplemental briefing.

It is undisputed that Plaintiff was able to file at least one appeal after his arrival at KVSP and before the filing of this action. On June 13, 2011, Plaintiff filed an appeal in which he complained of tumors and cysts on his kidneys, and argued that KVSP's high levels of arsenic in the water increased his chances of developing cancer. Plaintiff requested that the arsenic levels be tested and that he be reviewed for a possible medical transfer. Plaintiff received a First Level Response on July 11, 2011. The reviewer explained that a doctor from the California Poison Control System reviewed the arsenic levels at KVSP and concluded that the levels were insignificant. Plaintiff pursued the appeal to the Second Level of Review, and received a denial from the Second Level of Review on October 28, 2011. Voss Decl. Ex. B.

While Plaintiff may have been ill during the exhaustion period, the above appeal demonstrates that he was able to pursue the appeal to the Second Level of Review. This undermines Plaintiff's argument that he was too sick and/or distracted to properly exhaust the claims at issue in this action prior to filing suit. In fact, Plaintiff was able to draft the operative complaint and file it in January 2012, just over two months after he received a denial at the Second Level of Appeal.

5

Plaintiff also argues that he "did everything in his power" to exhaust the issues in the action. ECF No. 32, at 1. Plaintiff believes that Defendants misled inmates during the grievance period by downplaying the dangers of arsenic in the water. He argues that he cannot be expected to file a grievance when he is being factually misled.

However, despite Plaintiff's claim that he was being "misled" about the arsenic levels, he was able to file a grievance *addressing the arsenic levels* in June 2011.

Insofar as Plaintiff argues that a prisoner does not have to exhaust his administrative remedies prior to filing suit, he is incorrect. Plaintiff cites cases that preceded the enactment of the Prison Litigation Reform Act of 1996. It is well established law, as explained above, that exhaustion is now required prior to bringing an action under section 1983.

Plaintiff also submitted a surreply, which the Court will, in its discretion, address. He points to an additional grievance in which he suggested that his last three appeals had gone unanswered, and continues to cite unfair and uncontrollable burdens. Plaintiff's additional grievance, however, only undermines his position that he was unable to file for various reasons. While Plaintiff may have indicated in an appeal that prior appeals went unanswered, he provides no facts in support of his claim in either his opposition, surreply or supplemental briefing.

The Court therefore finds that Plaintiff has failed to carry his burden and that the undisputed facts show that his claims are unexhausted.

## G.   CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment, filed November 21, be GRANTED; and

2. This action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within **fourteen (14) days** after being served with a copy of that party's objections. The parties are advised

that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 6, 2014**                             /s/ Dennis L. Beck
                                                                    UNITED STATES MAGISTRATE JUDGE